**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 26-CV-80651-HERNANDEZ

**MICHELLE MARIE HUMMEL**,

   *Plaintiff*,

*v.*

**FRANK J. BISIGNANO***,*
*Commissioner of Social Security*,

   *Defendant.*

_____/

## <u>ORDER</u>

Plaintiff Michelle Marie Hummel ("Plaintiff"), moving *pro se*, filed an Application to Proceed in District Court without Prepaying Fees or Costs ("Motion").  [ECF No. 3].  Because Plaintiff's Motion provides ambiguous answers to key financial questions, the IFP Motion is **DENIED without prejudice.**

\*  \*  \*

"Under 28 U.S.C. § 1915(a), a district court may authorize the commencement of a civil action without prepayment of fees or costs or the giving of security therefor, if the potential plaintiff has filed an affidavit that he or she is unable to pay such costs or give such security."  *Fletcher v. Astrue*, No. 11-24398-CIV, 2011 WL 13319589, at \*1 (S.D. Fla. Dec. 15, 2011).  The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts."  *Neitzke v. Willliams*, 490 U.S. 319, 324 (1989).

In the Eleventh Circuit, district courts have "wide discretion" in ruling on IFP motions; nevertheless, the privilege should be granted "sparingly" and be "bestowed only upon those who are truly indigent."  *Fletcher*, 2011 WL 13319589, at \*2 (quoting *Jones v. St. Vincent's Health System*, No. 3:07-

cv-177-J-32TEM, 2007 WL 1789242, at *1 (M.D. Fla. June 19, 2007)); *Thomas v. Secretary of Dept. of Veterans Affairs*, 358 Fed. Appx. 115, 116 (11th Cir. 2009).

When considering a motion filed pursuant to 28 U.S.C. § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306–07 (11th Cir. 2004). A person need not be "absolutely destitute" or "forced to become [a] public charge[]" in order to proceed IFP; rather, "an affidavit will be held sufficient if it represents that the litigant, because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [herself] and [her] dependents." *Id.* "A district court may not deny an IFP motion without first comparing the party's assets and liabilities in order to determine whether the party has satisfied the poverty requirement." *Walker v. Comm'r of Soc. Sec.*, No. 6:12-CV-1025-ORL-36, 2012 WL 4513760, at *1 (M.D. Fla. Oct. 1, 2012) (citing *Martinez*, 364 F.3d at 1307–08); *Thomas*, 358 Fed. App'x. at 116. Notably, Courts may "consider the income of a party's spouse and joint assets when determining a party's motion to proceed *in forma pauperis*." *See de Mirabel v. Comm'r of Soc. Sec.*, No. 20-cv-24563, 2020 WL 8620037, at *1 (S.D. Fla. Nov. 6, 2020) (J. Bloom) (quoting *Francis v. Berryhill*, No. 18-CV-2492, 2018 WL 6983489, at *1 (M.D. Fla. Nov. 7, 2018), *report and recommendation adopted*, 2018 WL 6983490 (M.D. Fla. Nov. 26, 2018)).

A few things stand out from Plaintiff's Motion. First, she indicates she has "0" wages but discloses "$1,800" in monthly self-employment income. [ECF No. 3 at 1]. She also lists $4,500 in earnings, but Plaintiff does not indicate whether this figure represents monthly, yearly, or ad hoc distributions. And although Plaintiff specifies that the $1,800 earnings are "not guaranteed," she never explains what she means by this. We are left to speculate about the reasons for—and, importantly, the magnitude of—her fluctuations in monthly income. One interpretation is that Plaintiff makes up to $6,300 per month from self-employment income, which can vary depending on the success of her

2

venture.  Another interpretation is that the $4,500 figure is a one-time payment and $1,800 is the most she can expect to earn in employment income per month.  The difference is crucial here.  Deploying the former calculation, Plaintiff would be well above the poverty line.[1]  *See* 91 Fed. Reg. at 1798 (indicating a poverty threshold of $21,640 for a two-person household).  What's more, Plaintiff fails to explain whether either self-employment figure constitutes a ceiling or an average.  In other words, we cannot determine whether the income—though admittedly not guaranteed—reflects the most she can expect to earn, or the average.

Second, Plaintiff indicates she owns a home worth $500,000.  [ECF No. 3 at 2].  It is not clear whether she owns the home outright, and her answers to two other questions add to the uncertainty.  On the one hand, the fact that she lists $2,000 in monthly expenses for "house," suggests she is paying down a home loan.  *Id.*  On the other, Plaintiff indicated she is subject to "[h]ome equity sharing 160000 payable on sale."  *Id.*  This answer suggests she has considerable equity in her home, assuming the equity-sharing agreement created an even split.  Rather than assume, however, we believe it prudent to allow Plaintiff to resubmit her application and fill in these significant gaps in the record.  Plaintiff should also complete the entire application, given that she left questions 3(b) through 3(e) blank.[2]

To consider the motion adequately, the Court requires clarification on the issues previously raised.  Accordingly, Plaintiff's motion for IFP relief (ECF No. 3) is **DENIED without prejudice**.  *See de Mirabel*, 2020 WL 8620037, at *2 (denying IFP motion without prejudice in part because plaintiff indicated her expenses were paid by her family but did not provide information regarding her expenses or the source of funds used to pay those expenses); *see also Williams v. U.S. Dep't of Just.*, No. 20-CV-00390-AW-MAF, 2020 WL 6928389, at *1 (N.D. Fla. Oct. 23, 2020) (IFP motion denied without

---

[1] The former calculation comes to $75,600 per year, while the latter is, at most, $26,100.

[2] The questions call for yes or no answers, but Plaintiff checked neither box.

prejudice for being insufficient; the motion failed to demonstrate entitlement because it was "incomplete and inconsistent"), *report and recommendation adopted*, No. 20-CV-390-AW-MAF, 2020 WL 6928409 (N.D. Fla. Nov. 24, 2020).  Plaintiff may submit a new IFP motion that includes the required information on or before **August 28, 2026**.  The Clerk of Court is **DIRECTED** to serve with this Order a blank Application to Proceed in District Court without Prepaying Fees or Costs (Long Form) for Plaintiff's convenience.  The Court notes that if Plaintiff does not provide the supplemental information by the deadline, she may be required to pay the filing fee in this case in full.

     **DONE AND ORDERED** in the Southern District of Florida on August 7, 2026.

_____
**YENEY HERNANDEZ**
**UNITED STATES MAGISTRATE JUDGE**

cc:     *Pro se* Plaintiff Michelle Marie Hummel
     103 Lexington Place
     Royal Palm Beach, FL 33411

     Counsel of record