**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 9:26-cv-80651-HERNANDEZ

**MICHELLE MARIE HUMMEL**,

*Plaintiff*,

*v.*

**FRANK J. BISIGNANO**,
*Commissioner of Social Security*,

*Defendant.*
_______________________________________/

# ORDER

Plaintiff Michelle Marie Hummel ("Plaintiff"), proceeding pro se, filed a Motion for Leave to File Renewed Application to Proceed in Forma Pauperis Out of Time ("Motion for Leave to File"), [ECF No. 9], with a renewed Application to Proceed in forma pauperis (the "Renewed IFP Motion"), [ECF No. 9-2], and a Motion Regarding Non-Receipt of Docket Entry 4 and for Copy of Order and Appropriate Relief (the "Non-Receipt Motion"), [ECF No. 10]. For the reasons listed below, we GRANT all three motions.

A court "may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed in forma pauperis).

In the Eleventh Circuit, district courts have "wide discretion" in ruling on motions to proceed in forma pauperis, but the privilege should be "bestowed only upon those who are truly indigent." *Fletcher v. Astrue*, No. 1:11-cv-24398-WJZ, 2011 WL 13319589, at *2 (S.D. Fla. Dec. 15, 2011) (quoting

*Jones v. St. Vincent's Health Sys.*, No. 3:07-cv-177-J-32TEM, 2007 WL 1789242, at *1 (M.D. Fla. June 19, 2007)). Even so, permission to proceed in forma pauperis is committed to the sound discretion of the Court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) ("[P]ermission to so proceed [IFP] is committed to the sound discretion of the court.").

When considering a motion filed under 28 U.S.C. § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez*, 364 F.3d at 1306–07. A person need not be "absolutely destitute" or "forced to become [a] public charge[ ]" to proceed in forma pauperis; rather, "an affidavit will be held sufficient if it represents that the litigant, because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [herself] and [her] dependents." *Id.* The § 1915 analysis requires "comparing the applicant's assets and liabilities in order to determine whether [s]he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014).

Plaintiff previously filed an Application to Proceed in forma pauperis (the "Original IFP Motion"), [ECF No. 3], which we found deficient is several ways, [ECF No. 8]. We nevertheless permitted Plaintiff to "submit a new IFP motion that includes the required information on or before August 28, 2026." *Id.* at 4. The Renewed IFP Motion corrects the previously identified defects. [ECF No. 9-2]. Although Plaintiff filed the Renewed IFP Motion after the Court's deadline, she asks that we excuse her tardiness because it stemmed from circumstances beyond her control, including her disability. [ECF No. 9 ¶¶ 2–3]. Because Plaintiff is proceeding pro se, we will extend her the benefit of the doubt and excuse the late filing.

The Renewed IFP Motion reflects an average monthly income of $2,114.68 during the past 12 months and an expected income of only $526 next month, including self-employment, public assistance, gifts, and child support. *Id.* at 1–2. Plaintiff has $1,000 in a checking account. *Id.* at 2. The Renewed IFP Motion reflects that Plaintiff's assets include a home valued at $525,000 and a

vehicle valued at $3,000. *Id.* at 3. Relatedly, it shows that Plaintiff has a monthly mortgage payment of $1,900 (including real estate taxes and property insurance). *Id.* at 4. Other monthly expenses include $375 for utilities, $20 for food, $50 for transportation, $66 in car insurance, and $100 for car installment payments. *Id.* The Renewed IFP Motion also clarifies that there is no spousal assistance for these expenses, nor are any spousal assets listed. *Id.* at 2, 4. Therefore, Plaintiff's monthly expenses are $2,511, *id.* at 5, exceeding both her average monthly income over the past 12 months and her expected income next month, *id.* at 1–2.

Plaintiff also attached a declaration explaining that her "income is limited, irregular, and unpredictable" and that she "receive[s] child-support payments sporadically" and inconsistently. *Id.* at 6. It also helps clarify Plaintiff's equity in her home. *Id.* Although Plaintiff "own[s] and reside[s] in" the home, it "is subject to substantial mortgage and other obligations secured by the home," and "[a]ny remaining equity is tied up in [her] primary residence and is non-liquid." *Id.* Further, despite not making any monthly payments, Plaintiff reports having "substantial outstanding credit-card debt." *Id.* Plaintiff thus satisfies § 1915's poverty requirement.

There is, however, one more step to the IFP review. A court "must dismiss a case in which the plaintiff is proceeding in forma pauperis if the court determines that the complaint fails to state a claim on which relief may be granted." *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018) (citing 28 U.S.C. § 1915(e)(2)(B)(ii)). To state a claim properly, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While a plaintiff need not set out detailed factual allegations, a complaint will not suffice if it tenders naked assertions devoid of further factual enhancement." *Dumond v. Carrington*, No. 1:22-cv-20339-RKA, 2022 WL 1121741, at *4 (S.D. Fla. Apr. 14, 2022) (quotation marks omitted). To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing

that the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a)(2). Although "*pro se* pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), that "leniency does not give a court license to serve as *de facto* counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action," *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (quotation marks omitted).

Plaintiff proceeds under 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security regarding her disability claim. [ECF No. 1 at 1]. "There exist three prerequisites set forth for judicial review in [42 U.S.C.] § 405(g): (1) a final decision made by the Commissioner after a hearing; (2) the commencement of a civil action within sixty days of the mailing of notice of the Commissioner's final decision; and (3) the filing of the action in an appropriate district court." *Anderson v. Comm'r of Soc. Sec.*, No. 1:22-cv-20900-BB, 2022 WL 16835935, at *2 (S.D. Fla. Nov. 9, 2022). The Commissioner's decision is final only after four steps of administrative review have been completed: "(1) initial determination; (2) reconsideration determination; (3) hearing before an [administrative law judge]; and (4) Appeals Council review." *Id.* Plaintiff provides a short and plain statement meeting these requirements and thus states a claim upon which relief may be granted. She alleges that her "claim was denied initially and upon reconsideration." *Id.* ¶ 6. She alleges that her assigned "ALJ issued an unfavorable decision finding Plaintiff not disabled." *Id.* ¶ 8. She also alleges that "the Appeals Council denied review" of her claim, "making the ALJ's decision the final decision of the Commissioner." *Id.* ¶ 10. Therefore, Plaintiff satisfies the first element of a § 405(g) claim. *Anderson*, 2022 WL 16835935, at *2. The Commissioner's decision became final on April 6, 2026, [ECF No. 1 ¶ 10], and Plaintiff filed her Complaint on June 3, 2026, *see generally id.* Therefore, Plaintiff satisfies the second element of a § 405(g) claim. *Anderson*, 2022 WL 16835935, at *2. Plaintiff resides in Palm Beach County, Florida, [ECF No. 1 ¶ 2]. Thus, the third element of a § 405(g) claim has also

been satisfied. *Anderson*, 2022 WL 16835935, at *2. At this early stage of litigation, Plaintiff has adequately stated a claim for which relief may be granted. So the Renewed IFP Motion is GRANTED.

Last, the Non-Receipt Motion, [ECF No. 10], informs the Court that Plaintiff did not receive the Court's Order Setting Social Security Case Procedures and Deadlines ("Order on SSA Procedures"), [ECF No. 4]. Plaintiff asks that she be granted "a reasonable opportunity to comply" with any expired deadlines within the Order on SSA Procedures. *Id.* ¶ 5. Certain deadlines in the Order on SSA Procedures have passed, namely: the deadline for the parties to confer regarding their consent to the jurisdiction of the undersigned Magistrate Judge, [ECF No. 4 ¶¶ 1–2], and Plaintiff's deadline to file a motion for summary judgment, *id.* ¶ 3.c. Again, a measure of grace is due. The Non-Receipt Motion is GRANTED and the lapsed deadlines shall run from the date of this Order.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Leave to File, [ECF No. 9], is GRANTED.

2. Plaintiff's Renewed IFP Motion, [ECF No. 9-2], is GRANTED. Plaintiff does not need to prepay the filing fee in this case and may proceed without prepayment of costs or fees.

3. Plaintiff's Non-Receipt Motion [ECF No. 10], is GRANTED. The deadlines applicable to Plaintiff set forth in paragraphs 1, 2, and 3.c of this Court's Order on SSA Procedures, [ECF No. 4], shall run from the date of entry of this Order. The Clerk of Court is INSTRUCTED to mail a copy of the Order on SSA Procedures, [ECF No. 4], to Plaintiff.

**DONE AND ORDERED** in the Southern District of Florida on October 14, 2026.

**YENEY HERNANDEZ**
**UNITED STATES MAGISTRATE JUDGE**

cc: *Pro se* Plaintiff Michelle Marie Hummel
103 Lexington Place
Royal Palm Beach, FL 33411

Counsel of record